# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9041 | **DATE** | 1/8/2013 |
| **CASE TITLE** | *R&D Film 1, LLC v. Does 1-103* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court sua sponte severs Does 2-103.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff filed the instant lawsuit alleging that John Does 1 through 103 illegally copied and distributed its copyrighted movie "The Divide" using a BitTorrent protocol. With respect to this protocol, Plaintiff alleges that:

> The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P [peer-to-peer] network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") and the network connect to the seed file to download. As additional peers request the same file, each additional user becomes a part of the network from which the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

(Compl., Dkt. # 1, ¶ 3.)

Because the actual names and addresses of the Doe defendants are unknown to Plaintiff, it sought leave to take early discovery in order to serve subpoenas on certain internet service providers to obtain the identity of the persons associated with the allegedly offending internet protocol ("IP") addresses. Prior to ruling on the motion, the Court directed Plaintiff to file a memorandum addressing whether joinder of all 103

Doe Defendants was proper. Plaintiff filed its memorandum and, for the reasons stated below, the Court sua sponte severs Does 2-103.

Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

In addition to the excerpt from the complaint quoted at the beginning of this order, Plaintiff alleges that:

> [o]n information and belief, each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Copyrighted Motion Picture in digital form with other Defendants. In particular, on information and belief, Defendants participated in a common swarm with other Defendants for the purpose of exchanging portions of infringing copyrighted material unique to the swarm.

(Compl., Dkt. # 1, ¶ 15.) Plaintiff also attaches as Exhibit B to its complaint a list of the Doe defendants, identified by their IP addresses, with the date and time "at which the infringing activity of each Defendant was observed." (*Id*. at ¶ 14.) The dates of the alleged infringing activity range from July 5, 2012 to September 25, 2012. (*Id.*, Exh. B.)

Several courts in this district addressing the issue of joinder in similar cases have concluded that joinder is proper at this initial stage of litigation provided that Plaintiff properly pleads that the Doe defendants were involved in the same series of transactions. *See, e.g., Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *4 (N.D. Ill. Aug. 27, 2012) (allegations that "the defendants participated in a swarm simultaneously and that it observed the defendants transferring data from the [v]ideo between themselves" satisfied first joinder requirement at the pleading stage) and cases cited therein; *Pac. Century Int'l v. Does 1-31,* No. 11 C 9064*,* 2012 WL 2129003, at * 2 (N.D. Ill. Jun. 12, 2012) ("Plaintiff's allegations that the anonymous defendants participated in the same 'swarm' (at varying times spanning just over one month) sufficiently alleges that they were involved in 'a series of transactions' to warrant joinder"); *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011) (finding joinder proper where plaintiff alleged that "Doe Defendants have each used BitTorrent protocol to reproduce its copyrighted materials without license or permission" such that "each Doe Defendant is a possible source of [plaintiff's] copyrighted materials, and each may be responsible for distributing the same to any other Putative Defendant").

Other courts, however, have concluded differently. *See, e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11–3995(DRH)(GRB), 12–1147(JS)(GRB), 12–1150(LDW)(GRB), 12–1154(ADS)(GRB), 2012 WL 1570765, at *11 (E.D.N.Y. May 1, 2012) (finding joinder inappropriate because, among other reasons, allegations were insufficient to show that defendants actually shared file bits with one another); *SBO Pictures, Inc. v. Does 1–57*, No. RWT 12cv22, 2012 WL 1415523, at *2 (D. Md. Apr. 20, 2012) (denying joinder and stating that "the better-reasoned decisions have held that where a plaintiff has not plead that any defendant shared file pieces directly with one another, the first prong of the

permissive joinder is not satisfied"); *Hard Drive Prods., Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011) (finding no concerted action were "Plaintiff does not plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant").

Having reviewed Plaintiff's allegations and other cases addressing the joinder issue, this Court agrees with those courts that have voiced concern with the finding that the Doe Defendants' use of the BitTorrent protocol requires a finding that they were engaged in the same transaction or series of transactions. As noted by one court:

> Much of the BitTorrent protocol operates invisibly to the user—after downloading a file, subsequent uploading takes place automatically if the user fails to close the program. Exhibit D to the complaints, which allegedly documents the "interactions" between defendants, is a page of machine instructions which clearly demonstrate that the user plays no role in these interactions. Indeed, "[t]he bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world."

*In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *11 (citation omitted). In other words,

> users are doing nothing more than initiating the file sharing process by obtaining the BitTorrent protocol and selecting a file for downloading. In fact, users can walk away from their computers and as long as the computer is still on, the filing sharing process continues for an indefinite period of time among an undefined number of users. Therefore, aside from downloading the same [v]ideo using BitTorrent protocol, there is nothing that connects all of the Doe Defendants to each other.

*Bubble Gum Prods., LLC v. Does 1-80*, No. 12–20367–CIV, 2012 WL 2953309, at *3 (S.D. Fla. Jul. 19, 2012).

For these same reasons, the Court finds that the first part of Rule 20(a) has not been satisfied, it concludes that joinder is improper in this case.

The Court further notes that, with respect to joinder, it should "consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (citation omitted). In that regard, another court has accurately recognized that:

> [t]he manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel it to sever Does 2–101 from this case. An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare. It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial of 101 such claims would be inefficient, chaotic, and expensive. Each Defendant's varying defenses would require the court to cope with separate discovery disputes and dispositive motions, and to hold separate trials, each based on different evidence. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into

| STATEMENT |
|---|

> a cumbersome procedural albatross. These difficulties would place tremendous burden on Defendants as well. To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions—a thoroughly unmanageable and expensive ordeal. Similarly, pro se Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost.

*Pac. Century Int'l*, 2011 WL 5117424, at * 3 (severing Doe defendants 2 through 101 and dismissing them for improper joinder) (internal quotation marks and citations omitted).

    This Court echoes these concerns. Thus, even assuming that the requirements of Rule 20(a) had been met, the Court concludes that fairness to the defendants and judicial economy dictate against allowing joinder of 103 defendants in this case. Accordingly, the Court, in its discretion, severs Doe Defendants 2-103.